17-2926
United States v. Van Der End

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: August 13, 2018     Decided: November 14, 2019)

Docket No. 17-2926

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

STEFAN VAN DER END, AKA STEFAN VAN DAM EASEL,

*Defendant-Appellant*.[1]

_____

Before: NEWMAN and POOLER, *Circuit Judges*, and COTE, *District Judge*.[2]

---

[1] The Clerk of the Court is directed to amend the caption as above.

[2] Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

Appeal from United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*), convicting defendant Stefan Van Der End, after a plea of guilty, of engaging in drug trafficking activity, and conspiring to do so, in violation of the Maritime Drug Law Enforcement Act (the "MDLEA"), 46 U.S.C. §§ 70501 et seq. Because Van Der End has waived his Confrontation Clause and jury trial right challenges to his conviction by pleading guilty, and because the Due Process Clause does not require a nexus between the United States and MDLEA violations that transpire on a vessel without nationality, we affirm the conviction.

Affirmed.

_____

> BENJAMIN SILVERMAN, Patel & Shellow LLP, New York, N.Y., *for Defendant-Appellant*.
>
> Jill R. Shellow, New York, N.Y., *for Defendant-Appellant* (*on the brief*).
>
> AMANDA L. HOULE, Assistant United States Attorney (Jason M. Swergold, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y., *for Appellee*.

2

POOLER, *Circuit Judge*:

Defendant-Appellant Stefan Van Der End appeals from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*), convicting him, after a plea of guilty, of engaging in drug trafficking activity, and conspiring to do so, in violation of the Maritime Drug Law Enforcement Act (the "MDLEA"), 46 U.S.C. §§ 70501 et seq. Because Van Der End has waived his Confrontation Clause and jury trial right challenges to his conviction by pleading guilty, and because the Due Process Clause does not require a nexus between the United States and MDLEA violations that transpire on a vessel without nationality, we affirm the conviction.

## BACKGROUND

**I.    Factual Background**

Stefan Van Der End, a citizen of the Netherlands, was one of three foreign nationals on board the *Sunshine*, carrying more than 1,000 kilograms of cocaine from Grenada to Canada when it was stopped by the United States Coast Guard on May 23, 2016. Richard Dow, the master of the *Sunshine*, told the Coast Guard that the boat was registered in St. Vincent and the Grenadines ("SVG") and provided the vessel's registration information. The next morning, Coast Guard

3

officers boarded the boat—subject to the authority granted them by a treaty with SVG—and found more than 600 kilograms of cocaine below deck. The vessel began to sink after one of the crewmembers attempted to scuttle it, so the government was unable to recover all of the cocaine; however, the government subsequently learned that there were another 640 kilograms hidden on the *Sunshine*. Coast Guard officers detained Van Der End and the other members of the crew.

Coast Guard officers then inquired with SVG authorities about the *Sunshine*'s registration. SVG authorities disclosed that the *Sunshine*'s registration had expired on February 25, 2016, and that SVG did not consider the *Sunshine* to be subject to the SVG's jurisdiction. Van Der End and the other crewmembers who were on board the *Sunshine* were then brought to New York and subsequently arrested on June 3, 2016.

**II.     Procedural History**

In an indictment filed on June 30, 2016, a grand jury indicted Van Der End and the other crewmembers with one count of manufacture and distribution, and possession with intent to manufacture and distribute, five kilograms and more of mixtures and substances containing a detectable amount of cocaine while aboard

4

a vessel subject to the jurisdiction of the United States in violation of the MDLEA, 46 U.S.C. §§ 70503(a)(1), 70504(b)(1), 70506(a); 18 U.S.C. §§ 3238 & 2; 21 U.S.C. § 960(b)(1)(B), and one count of conspiracy to engage in the above-described drug trafficking activity in violation of the MDLEA, 46 U.S.C. §§ 70503, 70506(b), 70504(b)(1); 18 U.S.C. § 3238; 21 U.S.C. § 960(b)(1)(B).[3]

On April 24, 2017, Van Der End filed a motion to dismiss the indictment for lack of subject matter jurisdiction. He also challenged the constitutionality of the MDLEA as applied to him on due process grounds and raised a Sixth Amendment challenge to his prosecution based on the government's alleged forum shopping. The same day, the government filed a motion in limine in which it argued that the defendants should be precluded from arguing to a jury that the *Sunshine* was not subject to the jurisdiction of the United States.

At a May 4, 2017, hearing, the district court orally ruled in favor of the government on all issues. The district court also ruled that it would permit the government to enter into evidence documents from the SVG government regarding ownership of the *Sunshine*. After the district court's rulings, Van Der

---

[3] The text of some of the MDLEA's provisions have since changed in ways that are immaterial for purposes of this appeal.

5

End stated that he intended to enter a guilty plea. The district court scheduled a plea hearing for that same afternoon, during which Van Der End pled guilty to both counts of the indictment without a plea agreement or otherwise reserving any rights to challenge his conviction on appeal. The district court later published an opinion and order formally announcing its ruling on subject matter jurisdiction, statelessness, and the other challenges to the indictment Van Der End and one of his codefendants had raised. *United States v. Suarez*, 16-cr-453 (RJS), 2017 WL 2417016, at *1 (S.D.N.Y. June 1, 2017).

On September 8, 2017, the district court sentenced Van Der End to 25 years of imprisonment and five years of supervised release, and entered judgment the same day. This appeal followed.

## DISCUSSION

On appeal, Van Der End primarily argues that the district court erred by denying his motion to dismiss the indictment because (1) the government presented insufficient evidence that the *Sunshine* was a vessel subject to the jurisdiction of the United States, (2) the Fifth and Sixth Amendments required the district court to submit that question to a jury rather than decide it for itself, and (3) his conduct lacked the nexus to the United States that due process

requires. In reviewing the denial of a motion to dismiss an indictment, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Bout*, 731 F.3d 233, 237-38 (2d Cir. 2013).

**I.  Evidence of Statelessness**

**A.  The MDLEA's Requirements**

As presently drafted, the MDLEA makes it a federal crime to engage in certain specified drug trafficking activity "[w]hile on board a covered vessel." 46 U.S.C. § 70503(a). A "covered vessel" includes, as relevant here, "a vessel subject to the jurisdiction of the United States." *Id.* § 70503(e)(1). A vessel may be subject to the jurisdiction of the United States if, inter alia, it is "a vessel without nationality." *Id.* § 70502(c)(1)(A). For present purposes, a vessel is without nationality if "the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed." *Id.* § 70502(d)(1)(A). A claim of registry may be made in one of three ways: "(1) possession on board the vessel and production of documents evidencing the vessel's nationality . . . ; (2) flying its nation's ensign or flag; or (3) a verbal claim of nationality or registry by the master or individual in charge of the vessel." *Id.* § 70502(e). "The response of a

7

foreign nation to a claim of registry . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee." *Id.* § 70502(d)(2).

"Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense." *Id.* § 70504(a). Rather, "[j]urisdictional issues" that arise under MDLEA "are preliminary questions of law to be determined solely by the trial judge." *Id.* As we have recently explained, the function of MDLEA's jurisdictional language "is not to confer subject matter jurisdiction on the federal courts, but rather to specify the reach of the statute beyond the customary borders of the United States." *United States v. Prado*, 933 F.3d 121, 132 (2d Cir. 2019).

However, where there is no factual basis to find that the vessel on which a defendant was apprehended was a vessel subject to the jurisdiction of the United States, the defendant may still be permitted to raise that issue on appeal even after pleading guilty. That is because "a defective guilty plea will not necessarily be deemed to waive all objections to a conviction." *Id.* at 151. And when the government's proof that a vessel was subject to the jurisdiction of the United States is lacking, a district court might run afoul of Federal Rule of Criminal Procedure 11(b)(1)(G), which "requires that the court must inform the defendant

8

1   of, and determine that the defendant understands, . . . the nature of each charge

2   to which the defendant is pleading," and 11(b)(3), which "requires the court to

3   determine that there is a factual basis for the plea," rendering the defendant's

4   guilty plea invalid. *Id.* at 152 (alteration in original) (internal quotation marks

5   omitted).

6   **B.     The *Sunshine* Was a Vessel Without Nationality**

7   Van Der End argues that the government did not present sufficient

8   evidence from which the district court could properly conclude that the *Sunshine*

9   was a vessel without nationality. He argues that the district court's reliance on

10  the State Department certification violated the Confrontation Clause because it

11  amounted to a testimonial statement by a witness whom Van Der End did not

12  have an opportunity to confront. This argument is without merit. Van Der End's

13  guilty plea waived his right to raise that Sixth Amendment challenge to the

14  evidence on which the government's prosecution relied. *Boykin v. Alabama*, 395

15  U.S. 238, 243 (1969) (observing that "the right to confront one's accusers" is

16  among the "federal constitutional rights [that] are involved in a waiver that takes

17  place when a plea of guilty is entered"); *United States v. Dhinsa*, 243 F.3d 635, 651

18  (2d Cir. 2001) ("[A] defendant who enters a plea of guilty waives his rights under

9

the Confrontation Clause."); *see also Class v. United States*, 138 S. Ct. 798, 803 (2018) (differentiating claims that call into question "the very power of the State to prosecute the defendant" from constitutional claims "related to events (say, grand jury proceedings) that had occurred prior to the entry of the guilty plea" (internal quotation marks omitted)).

Moreover, we are satisfied that the evidence the government presented of the *Sunshine*'s statelessness sufficed. In *Prado*, we found problematic the "Coast Guard boarding party's inattention" to the MDLEA's procedures for establishing a vessel's statelessness. 933 F.3d at 130. Most significantly, the government there relied on the fact that the master of the vessel did not make a verbal claim of nationality or registry; however, the government adduced no evidence that "an officer of the United States authorized to enforce applicable provisions of United States law," 46 U.S.C. § 70502(d)(2), had made such a request. *Id.* at 130 & n.5. And, because the Coast Guard had destroyed the vessel, "it became virtually impossible for the government to demonstrate to the court in the statutorily mandated preliminary hearing that the vessel was subject to the jurisdiction of the United States and therefore that the MDLEA applied." *Id.* at 132. Further, at the defendants' plea allocution, the district court made "no reference either to the

10

1   requirement that the vessel have been subject to the jurisdiction of the United

2   States or to the crucial issue of its statelessness," nor did the defendants

3   "demonstrate awareness . . . of the crucial significance of statelessness." *Id.* at

4   152-53. Thus, neither through the Government's evidence nor the defendants

5   themselves, was there any "factual basis for the plea." *Id.* at 153.

6   Here, however, the Coast Guard's investigation suffered none of the same

7   defects. As explained above, Dow, the master of the *Sunshine*, claimed that the

8   vessel was registered in SVG and provided the Coast Guard with SVG

9   registration information. That sufficed to make a claim of registry. *See* 46 U.S.C.

10  §§ 70502(e)(1), (e)(3). The Coast Guard then contacted SVG officials who "refuted

11  the vessel's claimed nationality." App'x at 55. That established that the vessel

12  was without nationality. *See* 46 U.S.C. § 70502(d)(1)(A). Finally, the government

13  produced a certification from the United States Department of State that "proved

14  conclusively" the response of the SVG government. *See id.* § 70502(d)(2).

15  In short, a MDLEA defendant does not automatically waive his or her

16  ability to challenge the sufficiency of the government's evidence regarding

17  whether a vessel is subject to the jurisdiction of the United States by pleading

18  guilty. *See Prado*, 933 F.3d at 151-52. However, that does not mean that a MDLEA

11

defendant who enters an unconditional guilty plea may still challenge all aspects of the government's evidence. We are satisfied here that there was a factual basis for Van Der End's guilty plea, such that he has waived his right to challenge the district court's determination that the vessel was subject to the jurisdiction of the United States.

**II.   Jury Trial Rights**

Van Der End further argues that the district court was required to submit to a jury the question of whether the *Sunshine* was subject to the jurisdiction of the United States. This argument fails for much the same reason his Confrontation Clause argument fails. By pleading guilty, Van Der End waived his right to a jury trial. *McMann v. Richardson*, 397 U.S. 759, 766 (1970); *see also Class*, 138 S. Ct. at 804-05.

To be clear, we recently recognized that, if the issue were properly presented for appellate review, Section "70504(a)'s provision that the jurisdiction of the United States be determined *solely* by the trial judge" might be stricken as violative of a criminal defendant's right to a jury trial. *Prado*, 933 F.3d at 139 n.9; *see also id.* at 157 (Pooler, J., concurring in the judgment). We thus cautioned that district courts would be well advised "to submit the issue of jurisdiction over the

12

vessel to the jury notwithstanding the statutory word 'solely'" — "after making the preliminary determination required by § 70504(a) so that trial may proceed." *Id.* at 139 n.9. But here, the district court had no opportunity to submit the question to a jury because Van Der End pled guilty after the district court made the preliminary determination MDLEA requires.

**III. Due Process**

Finally, Van Der End argues that his prosecution violated the Due Process Clause because there was no nexus between the offense conduct and the United States. The government contends that no nexus is required because the *Sunshine* was a stateless vessel and, even if a nexus were required, there was a sufficient nexus here to satisfy due process.

As a threshold matter, we hold that Van Der End did not waive this challenge to his prosecution by pleading guilty. We have previously held that a criminal defendant who pleads guilty waives the argument "that the indictment to which he [or she] pled guilty failed to adequately allege a nexus between his [or her] alleged conduct and the United States, as required by the Due Process Clause of the Fifth Amendment before a criminal statute may apply extraterritorially." *United States v. Yousef*, 750 F.3d 254, 256, 262 (2d Cir. 2014).

13

However, the Supreme Court has since clarified that a guilty plea does not "by itself bar[] a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." *Class*, 138 S. Ct. at 803. Although criminal defendants cannot "contradict the terms of the indictment" to which they pled guilty "or written plea agreement[s]" pursuant to which they pled guilty, defendants may still raise constitutional challenges to the statute of conviction that "can be resolved without any need to venture beyond the record." *Id.* at 804 (internal quotation marks omitted). In other words, criminal defendants who have pled guilty may still "challenge the Government's power to criminalize [their] (admitted) conduct," "thereby call[ing] into question the Government's power to constitutionally prosecute" them. *Id.* at 805. Here, Van Der End raises precisely such a challenge. Whether the Due Process Clause requires MDLEA crimes committed on board a stateless vessel to have a nexus to the United States is a purely legal question on which the government's constitutional power to prosecute Van Der End turns.

Nevertheless, Van Der End's challenge fails on the merits. We have previously held that the MDLEA's predecessor statute did not, as a statutory matter, require a nexus. *United States v. Pinto-Mejia*, 720 F.2d 248, 261 (2d Cir.

14

1983), *modified in part on denial of reh'g*, 728 F.2d 142 (2d Cir. 1984); *United States v. Henriquez*, 731 F.2d 131, 134 (2d Cir. 1984). We now hold that due process does not require that there be a nexus between the United States and MDLEA violations that transpire on a vessel without nationality.[4] To begin with, the MDLEA indisputably has extraterritorial application. 46 U.S.C. § 70503(b) ("Subsection (a) [which proscribes specified drug trafficking activity] applies even though the act is committed outside the territorial jurisdiction of the United States."). And "[w]here Congress expressly intends for a statute to apply extraterritorially, . . . the burden is a heavy one for a defendant seeking to show that extraterritorial application of the statute violates due process." *United States v. Epskamp*, 832 F.3d 154, 168 (2d Cir. 2016) (internal quotation marks omitted).

Van Der End cannot meet that burden. Although we have adopted a "'sufficient nexus' test for determining whether the extraterritorial application of federal criminal law comported with constitutional due process," *id.*, MDLEA prosecutions involving stateless vessels do not present the same concerns that

---

[4] We need not, and do not, decide what the Due Process Clause may require before persons who are not on board a vessel without nationality may be prosecuted for violating the MDLEA.

15

are present in the extraterritorial application of typical criminal statutes. That is because stateless "vessels are international pariahs" that "subject themselves to the jurisdiction of all nations *solely* as a consequence of the vessel's status as stateless." *United States v. Caicedo*, 47 F.3d 370, 372 (9th Cir. 1995) (internal quotation marks omitted). "Because stateless vessels do not fall within the veil of another sovereign's territorial protection, all nations can treat them as their own territory and subject them to their laws." *Id.* at 373. Thus, when a vessel is subject to the jurisdiction of another nation, a person trafficking drugs on board "would have a legitimate expectation that because he has subjected himself to the laws of one nation, other nations will not be entitled to exercise jurisdiction without some nexus." *Id.* at 372. The same is not true when "a defendant attempts to avoid the law of *all* nations by travelling on a stateless vessel." *Id.* at 372-73.

The purpose of requiring a sufficient nexus with the United States is to prevent extraterritorial application of U.S. criminal laws from being "arbitrary or fundamentally unfair." *See Epskamp*, 832 F.3d at 168 (internal quotation marks omitted); *see also United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015) (same). That "ultimate question" of arbitrariness or unfairness, *Ballestas*, 795 F.3d at 148 (internal quotation marks omitted), in turn, hinges in part on the notion of

16

"fair warning." *Epskamp*, 832 F.3d at 169. "The idea of fair warning is that no [person] shall be held criminally responsible for conduct which he [or she] could not reasonably understand to be proscribed." *United States v. Al Kassar*, 660 F.3d 108, 119 (2d Cir. 2011) (internal quotation marks omitted). "Fair warning does not require that the defendants understand that they could be subject to criminal prosecution *in the United States* so long as they would reasonably understand that their conduct was criminal and would subject them to prosecution somewhere." *Id.*

In other words, no nexus is required for the government to bring MDLEA prosecutions against persons who are trafficking drugs on board stateless vessels because such prosecutions are not arbitrary, since any nation may exercise jurisdiction over stateless vessels, and they are not unfair, since persons who traffic drugs may be charged with knowledge that such activity is illegal and may be prosecuted somewhere. On that score, we have little trouble concluding that those who participate in international drug trafficking activity are aware that such conduct is illegal. *See* 46 U.S.C. § 70501 (congressional findings that "trafficking in controlled substances aboard vessels is a serious international

17

problem [and] is universally condemned"). In this context, that is all due process requires.

## CONCLUSION

We have considered the remainder of Van Der End's arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.