UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
  UNITED STATES OF AMERICA

       -v-                                         No. 16-cr-453 (RJS)
                                                         ORDER
  STEFAN VAN DER END,

                            Defendant.
└─────────────────────────────────────────────┘
```

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Defendant Stefan Van Der End's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 188 ("Def. Mot.").)  The government opposes that motion.  (Doc. No. 190 ("Gov't Letter").)  For the reasons discussed below, Van Der End's motion is DENIED.

## I.     BACKGROUND

On May 24, 2016, a Coast Guard team arrested Van Der End and his co-defendants, Richard Dow and Gerson Pelagio Suarez, on the high seas as they attempted to transport approximately 1,300 kilograms of cocaine from Grenada to Canada aboard a sailboat. (Presentence Investigation Report ("PSR") ¶¶ 15–21.)  Before boarding the vessel, Coast Guard officers observed the defendants tossing bales of cocaine overboard in an apparent effort to avoid capture and destroy evidence.  (*Id.* ¶ 18.)  Later, during the Coast Guard's security sweep of the sailboat, officers discovered that a large pipe had been cut, which ultimately caused the sailboat to sink.  (*Id.*)  As a result, the Coast Guard team could not conduct a full search of the sailboat, though they were able to seize and remove 22 bales of cocaine before the boat sank.  (*Id.* ¶ 19.) The defendants were eventually transported to the Southern District of New York, where they

were charged with violating the Maritime Drug Law Enforcement Act and conspiring to do the same in violation of 46 U.S.C. §§ 70503 and 70506.  (*Id.* ¶¶ 1–3.)  On May 4, 2017, Van Der End pleaded guilty to both counts.  (*Id.* ¶ 5.)

In September 2017, the Court sentenced Van Der End to 300 months' imprisonment, to be followed by five years of supervised release.  (Doc. No. 132 ("Sentencing Tr.") at 30–31.)  In calculating Van Der End's sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), the Court determined that (i) the crime involved more than 450 kilograms of cocaine; (ii) Van Der End was a navigator of a vessel carrying a controlled substance; (iii) Van Der End obstructed justice by destroying evidence when he attempted to scuttle the ship prior to his arrest; (iv) Van Der End accepted responsibility by pleading guilty before trial; and (v) Van Der End had no criminal history points.[1]  (*Id.* at 14–15.)  Those findings resulted in an advisory guidelines range of 292 to 365 months and a mandatory minimum sentence of 10 years.  (*Id.* at 15.)  In deciding to sentence Van Der End to 300 months' imprisonment, the Court highlighted Van Der End's criminal history, including his prior conviction in France for importing a comparable load of cocaine on the high seas.  (*Id.* at 28–29.)  Van Der End is currently incarcerated at the Allenwood Low Federal Correctional Institution (*see* Def. Mot. at 10–11) and has served about 60 months of his sentence (*see* PSR ¶¶ 18–19).

On March 3, 2021, Van Der End filed a letter with the warden requesting a sentence reduction.  (Def. Mot. at 9.)  The warden rejected that request on March 15.  (*Id.*)  On May 14, Van Der End mailed a letter to the Court seeking a sentence reduction and compassionate release

---

[1] Although Van Der End was previously convicted in France for importing approximately 1,500 kilograms of cocaine by boat, the United States Sentencing Guidelines do not assess criminal history points for foreign convictions.  *See* U.S.S.G. § 4A1.2(h).  Nevertheless, such convictions may be considered as the basis for an upward departure pursuant to U.S.S.G. § 4A1.3, and as information relevant to the "the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant" under 18 U.S.C. § 3553(a).

pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (*Id.* at 6.)  Van Der End argues that

COVID-19 has made prison conditions harsh.  (*Id.* at 2.)  He also asserts that, following his

arrest by the Coast Guard in May 2016, he was "chained to the deck" of the Coast Guard cutter

"with no shelter [and] no facilities wearing only a paper throw away jump suit" for eight days

while being transported to New York.  (*Id.* at 4.)  Van Der End argues that the combination of

prison conditions due to COVID-19 and his alleged mistreatment by the Coast Guard following

his arrest constitute "extraordinary and compelling reasons" that warrant a sentence reduction.

(*Id.* at 2.)  Additionally, Van Der End argues that the sentencing factors set forth in 18 U.S.C.

§ 3553(a) support his motion given the sentencing disparity between Van Der End and the

"Captain/Leader of the conspiracy,"[2] the likelihood that Van Der End will be deported upon

release, and his productive prison record.  (*Id.* at 4–5.)  The government opposes Van Der End's

motion.  (*See* Gov't Letter.)

## II.    DISCUSSION

"It is well established that a court may not modify a term of imprisonment once it has

been imposed except pursuant to statute."  *United States v. Roberts*, No. 18-cr-528 (JMF), 2020

WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (quotation marks omitted and alterations adopted).

"Section 3582(c)(1)(A) provides one such exception, often referred to as 'compassionate

release.'"  *United States v. Felix*, No. 12-cr-322 (RJS), 2020 WL 4505622, at *1 (S.D.N.Y. Aug.

4, 2020).   "Through that provision, the Court may 'reduce' a defendant's sentence where

'extraordinary and compelling reasons warrant such a reduction,' and such relief would be

consistent with both the factors in 18 U.S.C. § 3553(a) and 'applicable policy statements issued

by the Sentencing Commission.'"  *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

---

[2] Although Van Der End does not identify the captain of the vessel by name, the Court presumes he is referring to
his co-defendant, Richard Dow.

Even assuming that the COVID-19 conditions at the Bureau of Prisons ("BOP") – alone or in tandem with Van Der End's allegations concerning his confinement while aboard the Coast Guard cutter following his arrest – constituted extraordinary and compelling reasons warranting a reduced sentence, the Court finds that such relief would still be inconsistent with the objectives of sentencing set forth in § 3553(a).  Section 3553(a) requires judges to consider a range of sentencing factors, including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the kinds of sentences available;" (4) the sentencing guidelines; (5) pertinent policy statements; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Here, the § 3553(a) factors compel the Court to deny Van Der End's motion.  Van Der End was previously convicted of trafficking more than a ton of cocaine in Europe – a very serious crime.  (PSR ¶¶ 44–46.)  Despite his conviction, he chose to commit an almost identical crime, and when he was caught, obstructed justice by attempting to scuttle the sailboat and its cargo of 1,300 kilograms of cocaine.  (Sentencing Tr. at 14.)  As the Court emphasized at sentencing, moving ton quantities of cocaine after being previously convicted for committing a similar crime in France indicates that Van Der End "won't be deterred and is, frankly, not morally troubled by it."  (*Id.* at 30.)  The Court therefore remains convinced that Van Der End's

sentence is necessary to "afford adequate deterrence" and "protect the public from further crimes." *See* 18 U.S.C. § 3553(a)(2).  Further, the Court's sentence of 300 months is within the advisory guidelines range of 292 to 365 months.   (Sentencing Tr. at 15); *see* 18 U.S.C. § 3553(a)(4).

Although Van Der End makes much of the disparity between his sentence and that of his co-defendant, Dow (Def. Mot. at 5), he fails to explain how this disparity is unwarranted or how the two co-defendants were similarly situated, *see* 18 U.S.C. § 3553(a)(6).  In fact, Dow had no criminal history and was 72 years old at the time of sentencing. (*See* Doc. No. 147.)  This stands in stark contrast to Van Der End, who was 24 years Dow's junior and had previously served a 10-year sentence in France for importing 1.5 tons of cocaine by boat, and twelve months in the Netherlands for violating that nation's laws prohibiting narcotics trafficking, money laundering, and possession of forged travel documents.  (PSR ¶¶ 44–48.)  And while Van Der End is correct that he will likely be deported upon his release from custody (Def. Mot. at 5), the Court expressly considered this fact when it imposed a 300-month sentence in 2017 (Sentencing Tr. at 30–31).  Finally, the conditions of Van Der End's confinement – both on the Coast Guard cutter in 2016 and in BOP custody during the COVID-19 pandemic – do not alter the Court's conclusion that "a sentence of 25 years is appropriate" given the "staggering" amount of drugs involved and "the potential harm that those drugs represent."  (*Id.* at 28, 30).

Accordingly, though the Court appreciates Van Der End's positive prison record, it nevertheless remains firmly convinced that 300 months' imprisonment is the appropriate sentence for the crimes for which Van Der End was convicted.  *See United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) (holding that the "District Court's reasonable evaluation of

the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release").

### III.   CONCLUSION

For these reasons, Van Der End's motion for compassionate release is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at Document No. 188 and mail a copy of this order to Van Der End.

SO ORDERED.

Dated:      August 3, 2021
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation