UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

STEFAN VAN DER END,

Defendant.

No. 16-cr-453-3 (RJS)

MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Stefan Van Der End – who is serving a 300-month prison sentence for manufacturing, possessing, and distributing cocaine on the high seas in violation of 46 U.S.C. §§ 70503 and 70506 – moves *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). (Doc. No. 219 ("Def. Mot.").) For the following reasons, Van Der End's motion is DENIED.

## I. BACKGROUND

On May 24, 2016, Coast Guard officers arrested Van Der End, Richard Dow, and Gerson Pelagio Suarez ("Defendants") on the high seas as they attempted to transport approximately 1,300 kilograms of cocaine from Grenada to Canada aboard a sailboat. (Doc. No. 205, Supplemental Presentence Report ("PSR"), at 10–11.) Before boarding the vessel, Coast Guard officers observed Defendants tossing bales of cocaine overboard in an apparent effort to avoid capture and destroy evidence. (*Id.* at 11.) Later, during the Coast Guard's security sweep of the sailboat, officers discovered that Defendants had cut a large pipe in the vessel's hull, which ultimately caused it to sink. (*Id.*) As a result, the Coast Guard could not conduct a full search of the sailboat, though it was able to seize and remove twenty-two bales of cocaine, weighing approximately 648 kilograms, before the vessel sank; upon further review, the Drug Enforcement Administration determined that

the sailboat held approximately 1,296 kilograms of cocaine in total, worth tens of millions of dollars. (*Id.*) Defendants were eventually transported to the Southern District of New York, where the government charged them with violating the Maritime Drug Law Enforcement Act and conspiring to do the same in violation of 46 U.S.C. §§ 70503 and 70506. (*Id.* at 8.) On May 4, 2017, Van Der End pleaded guilty to both counts. (*Id.*)

In September 2017, the Court sentenced Van Der End to 300 months' imprisonment, to be followed by five years of supervised release. (Doc. No. 132 ("Sent'g Tr.") at 30–31; Doc. No. 124 at 2–3.) In calculating Van Der End's sentencing range under the Guidelines, the Court determined that (i) the crime involved more than 450 kilograms of cocaine; (ii) Van Der End was a navigator of a vessel carrying a controlled substance; (iii) Van Der End obstructed justice by destroying evidence when he attempted to scuttle the sailboat prior to his arrest; (iv) Van Der End accepted responsibility by pleading guilty before trial; and (v) Van Der End had no criminal-history points. (Sent'g Tr. at 14–15.) Those findings resulted in an advisory Guidelines range of 292 to 365 months and a mandatory-minimum sentence of ten years. (*Id.* at 15.) In deciding to sentence Van Der End to 300 months' imprisonment, the Court highlighted Van Der End's criminal history, including his prior conviction in France for importing a comparable load of cocaine on the high seas.[1] (*Id.* at 28–29.) Van Der End is currently incarcerated at the Allenwood Low Federal Correctional Institution (*see* Def. Mot. at 1) and has served about 107 months of his sentence (*see* Doc. No. 125).

[1] Although Van Der End was previously convicted in France for importing approximately 1,500 kilograms of cocaine by boat, the Guidelines do not assess criminal-history points for foreign convictions. *See* U.S.S.G. § 4A1.2(h). Nevertheless, a court may consider such convictions as information relevant to "the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant" under 18 U.S.C. § 3553(a).

On May 14, 2021, Van Der End mailed a letter to the Court seeking a sentence reduction and compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 188.) Following briefing, the Court denied Van Der End's motion because granting such relief was "inconsistent with the objectives of sentencing set forth in [18 U.S.C.] § 3553(a)." (Doc. No. 192 at 4.) Van Der End appealed this decision, and the Second Circuit affirmed. *See United States v. Van Der End*, No. 21-2079-cr, 2023 WL 193633, at *2 (2d Cir. Jan. 17, 2023). On October 14, 2021, Van Der End filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that (i) he was not properly apprised of the elements of his offense under Federal Rule of Criminal Procedure 11; and (ii) his lawyer provided constitutionally ineffective assistance of counsel. (Doc. No. 194 at 8, 17.) The Court denied this motion, concluding that (i) Van Der End's Rule 11 claim was procedurally barred because he failed to raise it on direct appeal; and (ii) counsel's conduct did not fall below the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 216 at 5, 8–10.)

On May 21, 2026, Van Der End, proceeding *pro se*, asked the Court to "review [his] case to determine eligibility for any aspect of Amendment 821 relief." (Def. Mot. at 1.)

## II. DISCUSSION

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may, however, grant a defendant's motion for a sentence reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). If a court finds that a defendant is eligible for such a reduction, it "may reduce the sentence after considering the applicable factors under [section] 3553(a), but may do so only if the reduction is

consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (internal quotation marks omitted).

Since February 1, 2024, Amendment 821 to the Guidelines has permitted an incarcerated defendant to petition the sentencing court to retroactively reduce his term of imprisonment. U.S.S.G. § 1B1.10(e)(2). Specifically, Part B of Amendment 821 created a new Guideline that reduces a qualified defendant's offense level by two levels. U.S.S.G. App. C, amend. 821 (2023). To qualify, a defendant must (i) have zero criminal-history points and (ii) not fall under a series of enumerated exclusions carving out those persons who committed violent crimes, acts of terrorism, sexual offenses, and other specified conduct. U.S.S.G § 4C1.1(a).

Because Van Der End is a zero-point offender under the Guidelines and none of the exclusions apply, the Court finds that Van Der End is eligible for a two-level reduction under Amendment 821. (PSR at 2–3.) This lowers Van Der End's Guidelines range from 292 to 365 months' imprisonment to 235 to 293 months' imprisonment. (*Id.* at 4.) After carefully considering the section 3553(a) factors, the Court nevertheless concludes that a reduction in Van Der End's sentence is not warranted.

As the Court previously emphasized, a heavy sentence was warranted in this case because the Guidelines did not reflect the full extent of Van Der End's criminal history. (*See* Sent'g Tr. at 28.) In particular, Van Der End's Criminal History Category of I did not take into account his prior conviction in a French court and resulting ten-year sentence for transporting nearly 1,500 kilograms of cocaine on the high seas – a "staggering . . . amount of drugs" that represented an unfathomable amount of "potential harm." (*Id.*; PSR at 9–10.) Given that Van Der End was undeterred by his previous conviction and sentence (Sent'g Tr. at 28), the Court concluded that a

heavy sentence of 300 months was required "to reflect the seriousness of the offense, to promote respect for the law, . . . and to afford adequate deterrence," 18 U.S.C. § 3553(a)(2)(A), (B).

Van Der End's disregard for the consequences of his actions compelled the Court to impose a stiff sentence. As the Court noted at sentencing, Van Der End showed no hesitation "as to what harm could be caused by these drugs and what consequences would befall [him] if [he] were to be caught." (Sent'g Tr. at 29.) He apparently thought nothing of moving almost 1,300 kilograms of cocaine – worth tens of millions of dollars – for money. (*Id.* at 20.) Having been caught once before committing essentially the same act, Van Der End made "a very calculated decision" to get back into the business of drug smuggling. (*Id.* at 29.) Agreeing with Congress that cocaine is a harmful drug, the Court found that Van Der End's "moving ton quantities of cocaine not once but twice for money [was] pretty much an acknowledgment that" he would not "be deterred and [was], frankly, not morally troubled by" his actions. (*Id.* at 30.)

For these reasons, the Court again concludes that Van Der End's 300-month "sentence remains sufficient but not greater than necessary to accomplish the purposes of sentencing set forth in section 3553(a)." *United States v. Epskamp*, No. 12-cr-120 (RJS), 2025 WL 1726967, at *3 (S.D.N.Y. June 20, 2025) (citing *United States v. Shields*, No. 22-cr-28 (SVN), 2024 WL 1932704, at *3 (D. Conn. May 1, 2024) (denying Amendment 821 motion because "the [s]ection 3553(a) factors continue[d] to support the original . . . sentence")).

## III. CONCLUSION

For the reasons set forth above, Van Der End's motion for a reduction in sentence is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 219.

SO ORDERED.

Dated: August 5, 2026
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation